IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02065-BNB

THOMAS ROBERTS,

    Plaintiff,

v.

DEUTSCHE BANK AG,
PHILIP GORDON, and
ARA BALIKIAN,

    Defendants.

---

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Thomas Roberts, who resides in Fort Myers, Florida, filed *pro se* an amended complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (ECF No. 4) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5).  The § 1915 *in forma pauperis* motion will be granted.

    Mr. Roberts asserts a fraud claim for money damages against Defendants, Deutsche Bank AG, a resident of New York, and Philip Gordon and Ara Balikian, Massachusetts residents.  He fails to make clear where the events that gave rise to his claim occurred.

    The Court must construe the amended complaint liberally because Mr. Roberts is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Construing the amended complaint liberally, it is not apparent that venue is proper in the District of Colorado.

Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As noted above, Mr. Roberts resides in Florida, alleges that Defendants in this action reside in New York or Massachusetts, and fails to allege where all of the events or omissions that give rise to Ms. Morgan's claims occurred. Mr. Roberts' allegations are insufficient to establish proper venue in the District of Colorado. As a result, he will be given one more opportunity to file a second amended complaint if he wishes to pursue his claims in this action.

The second amended complaint Mr. Roberts will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Mr. Roberts' amended complaint is vague.

The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Roberts must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court will give Mr. Roberts an opportunity to cure the deficiencies in his amended complaint by submitting a second amended complaint that meets the requirements of Fed. R. Civ. P. 8. The second amended complaint must allege, simply and concisely, his specific

claims for relief, including the specific acts of each defendant that allegedly violated his rights.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. It is

FURTHER ORDERED that Plaintiff, Thomas Roberts, file, **within thirty (30) days from the date of this order**, an second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Roberts shall obtain the appropriate Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the second amended complaint It is

FURTHER ORDERED that, if Mr. Thomas fails within the time allowed to file a second amended complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 16th day of August, 2012.

                                            BY THE COURT:

                                            *s/Craig B. Shaffer*
                                            Craig B. Shaffer
                                            United States Magistrate Judge