UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

Civil Action No.: 12-cv-02065-WJM-KLM

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2012

JEFFREY P. COLWELL
CLERK

THOMAS ROBERTS, )
        Plaintiff, )
)
v. )
)
DEUTSCHE BANK AG., )
PHILIP GORDON, and )
ARA BALIKIAN, )
        Defendants. )
)

## DEFENDANT, ARA BALIKIAN'S MOTION TO DISMISS

    Now comes the Defendant, Ara Balikian, and hereby respectfully moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that this Honorable Court dismiss the Second Amended Complaint. In support thereof, the Defendant, Balikian, states that the Plaintiff has previously filed an identical lawsuit based upon the same factual allegations against the Defendant, Balikian, in the Commonwealth of Massachusetts. The case was dismissed. The Plaintiff has executed and granted the Defendant, Balikian, a full release. Alternatively, this case should be dismissed, pursuant to Title 28 U.S.C. §1391(b), on the grounds that venue is not proper in the District of Colorado.

    The Defendant, Balikian, certifies that, pursuant to D.C. Colo L. Civ. R. 7.1(A), on October 15, 2012, he telephoned the Plaintiff at the number (293) 770-4040, being the phone

1

number provided by the Plaintiff in his Complaint, to discuss the grounds for this Motion and the relief requested by him. A recorded operator stated that Plaintiff's telephone number is a "non-working" number.

## FACTS

This is an action where in the Plaintiff alleges that the Defendants committed fraud by intentionally misrepresenting, "a material fact causing a financial loss." The Plaintiff seeks $243,000 in compensatory damages and $2,000,000 in punitive damages. The Defendant, Balikian, vehemently denies any wrongdoing or liability.

On October 26, 2009, the Plaintiff filed an action in the Commonwealth of Massachusetts, Suffolk County, Docket No.: SUCV2009-04562, against the Defendant, Balikian. See attached Exhibit "A": Verified Complaint. On December 29, 2010, the Plaintiff filed his Amended Complaint against the Defendant, Balikian. See attached Exhibit "B": Amended Complaint. Both the original Verified Complaint and the Amended Complaint asserted the same allegations as those advanced by the Plaintiff in the case at bar. Namely, that the Defendants, Philip Gordon and Ara Balikian, acted fraudulently in not informing the Plaintiff of the existence of a mortgage on the property located at 10 Jamaica Way, Unit 11, Jamaica Plain, Massachusetts.

After counsel for the Defendant, Balikian, took the deposition of the Plaintiff, the Plaintiff agreed to settle his claims and dismiss his Complaint. In April 2012, Mr. Roberts executed a release of all claims against the Defendant, Balikian. See attached Exhibit "C": Settlement Agreement. On July 26, 2012, Judge Janet L. Sanders of the Suffolk County Superior Court dismissed Mr. Robert's Complaint against the Defendant, Balikian. See attached Exhibit "D": Final Judgment of Dismissal.

At all times during the underlying real property purchase which is the subject of the Plaintiff's Complaint, the Plaintiff identified himself with a Massachusetts address. In the Purchase and Sales Agreement, the Plaintiff provided an address in Boston, Massachusetts. See attached Exhibit "E": P&S Agreement. In the Deed transferring title to the subject property, the Plaintiff again provided a Boston, Massachusetts address. See attached Exhibit "F": Deed. The subject property, of course, was in Jamaica Plain, Massachusetts. The closing, which the Plaintiff attended, took place in Boston, Massachusetts. There is no substantial connection with the underlying purchase of property in Massachusetts and the State of Colorado.

**ARGUMENT**

1. <u>This Court Should Uphold the Settlement Agreement and Release Executed By the Plaintiff and the Defendant</u>

Settlement agreements between parties are designed to put an end to litigation. A settlement is as determinative of the parties' rights and obligations as a judgment on the merits. Settlement agreements, including covenants not to sue, are encouraged by the courts in every jurisdiction. The law clearly favors the voluntary resolution of disputes. The Federal Rules of Procedure also promote settlement by requiring the parties to attend pretrial conferences that help facilitate resolution of disputes.

In this case, in 2009, the Plaintiff, represented by Attorney David P. Russman, currently located at 10 Perkins Street, Wenham, Massachusetts 01984, filed suit against the Defendant, Balikian. See attached Exhibit "G": Civil Docket. The Plaintiff's allegations were that the Defendant, Balikian, committed fraud in relation to the Plaintiff's purchase of property located at 10 Jamaica Way, Unit 11, Jamaica Plain, Massachusetts. The Plaintiff has now, acting pro se,

commenced a new lawsuit in this jurisdiction asserting identical allegations of fraud against the Defendant, Balikian, related to the same real property in Jamaica Plain, Massachusetts.

The Plaintiff, however, has already settled with and fully released the Defendant, Balikian, regarding this matter. The Settlement Agreement provides, in relevant part:

> ... Thomas Roberts, Jr., on behalf of himself, his successors, heirs, administrators and assigns, and each past or present agent or representative (hereinafter the "RELEASOR"), hereby remises, releases and forever discharges Ara J. Balikian, Esq. and Philip Gordon, Esq., and each and every one of their representatives ... (hereinafter the "RELEASEES") of and from any and all claims, demands, causes of action, obligations, liabilities, and damages of any kind, name, nature, description, know or unknown, which have or which could have been alleged, either at law or in equity, which RELEASOR has ever had, from the beginning of the world up to the date of signing this Settlement, Mutual Release and Confidentiality Agreement, including without limitation, (1) all claims arising out of Thomas Roberts, Jr.'s purchase of real estate located at 10 Jamaica Way, Unit 11, Jamaica Plain, MA ("the real estate") on or about February 24, 2004 ... (3) all claims which were asserted or could have been asserted by Thomas Roberts, Jr., against either or both, Ara J. Balikian, Esq., and Philip J. Gordon, Esq., in the matter captioned Thomas Roberts v, Abu Tarek, Philip Gordon, Esq. and Ara Balikian, Esq., Suffolk Superior Court Civil Action No. 09-04562 ...

The Plaintiff has contracted with the Defendant, Balikian, to settle and release him. He did with the counsel of an attorney of his own choosing that was representing him. The Plaintiff's attempt to now subvert and circumvent his contractual obligation should not be allowed by this Court.

Accordingly, this Court should dismiss the Plaintiff's Complaint against the Defendant, Balikian.

2.  <u>The Events That Give Rise To Plaintiff's Complaint Occurred in Massachusetts</u>

As this Court has already addressed in its Order Granting Plaintiff Leave to Proceed In Forma Pauperis and Directing Plaintiff to File a Second Amended Complaint, Title 28 U.S.C.

4

§1391(b) sets forth the rules that govern venue in the federal courts. A civil action may be brought in:

> (1) a jurisdiction in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In the case at bar, neither the Defendant, Balikian, nor any of the other defendants reside in Colorado. The Defendant, Balikian, resides in Massachusetts. The Plaintiff also does not reside in Colorado, but rather in Florida.

The Plaintiff asserts in this Second Amended Complaint that "all of the events, payment, negotiations, where the contract was signed, etc. took place in Broomfield, CO." Nothing could be further from the truth. The subject property was in Jamaica Plain, Massachusetts. When the Plaintiff signed the Purchase and Sales Agreement, he provided a Boston, Massachusetts address. See Exhibit "E". When the made payment for the purchase of the property, he was present at Defendant, Balikian's office in Boston, Massachusetts. For purposes of the conveyance deed, the Plaintiff again provided a Boston, Massachusetts address. See Exhibit "F". Even if the Plaintiff could prove any fraud took place, such act or acts occurred in Massachusetts where the Defendant, Balikian's law practice is located. It is not surprising, therefore, that his counsel who was surely cognizant of these facts, filed Plaintiff's previous lawsuit in Massachusetts.

By making a self-serving allegation that is wholly unsubstantiated, the Plaintiff seeks to obtain venue in this Court. The indisputable facts, however, clearly show that venue does not exist. A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in Massachusetts.

Accordingly, the Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendant, Balikian, respectfully requests that this Court dismiss Plaintiff's Complaint because the Plaintiff has already litigated, settled and released the Defendant, Balikian. Alternatively, the Plaintiff's Complaint should be dismissed because there is no venue in this Court.

Respectfully submitted,

Ara J. Balikian (BBO# 630576)
Balikian Law
922 Waltham Street, Suite 209
Lexington, MA 02421
617-314-6367
ara@balikian.com

## Certificate of Service

I, Ara J. Balikian, hereby certify that I served a true and accurate copy of the foregoing Motion to Dismiss via First Class U.S. Mail, postage prepaid, on October 20, 2012 upon the following:

| | |
|---|---|
| Plaintiff | Thomas Roberts, P.O. Box 62147, Fort Myers, FL 33906 |
| Defendant | Deutsche Bank AG, Attn: Legal Department, 60 Wall Street, New York, NY 10005 |
| Defendant | Philip Gordon, Esq., Gordon Law Group, LLP, 585 Boylston Street, Boston, MA 02116 |

/s/ Ara J. Balikian