UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

THOMAS ROBERTS,
    Plaintiff,

v.

DEUTSCHE BANK AG, PHILIP GORDON
and ARA BALIKIAN,
    Defendants.

C. A. No. 12-Cv-02065-WJM-KLM

## DEFENDANT PHILIP GORDON'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Philip Gordon ("Gordon"), hereby moves to dismiss the Second Amended Complaint filed by the Plaintiff, Thomas Roberts ("Plaintiff"), pursuant to Rule 12(b)(6) and Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, should this Court decline to dismiss this action pursuant to Rules 12(b)(6) and/or 12(b)(2), it should be dismissed without prejudice to re-file in the District of Massachusetts or otherwise transferred there, pursuant to Rule 12(b)(3). In short,

    12(b)(6) – Plaintiff's claims are barred by res judicata or claim preclusion, as the claims are identical to the ones fully litigated, settled and dismissed with prejudice in an action conducted and concluded in the Massachusetts Superior Court: *Thomas Roberts v. Abu Tarek, Philip Gordon, Esq. and Ara Balikian, Esq.*, Suffolk Superior Court, Civil Action Number 2009-04562-C (the "Massachusetts Action").

    12(b)(2) – Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Defendant Gordon, and Plaintiff has alleged no facts which would compel either general or specific jurisdiction over Gordon. Defendant Gordon is a resident of Massachusetts; the condominium that is the subject of Plaintiff's complaint is in Massachusetts; and not one of the alleged transactions or communications took place in Colorado, despite Plaintiff's new allegation first appearing in the Second Amended Colorado Complaint that "All of the events, payment, negotiation, where the contract was signed, etc. took place in Broomfield, CO", an allegation that is patently and obviously false.

    12(b)(3) – Alternatively, Colorado is not the proper venue for this suit. The condominium is in Massachusetts. All of the alleged acts took place in

Massachusetts. All of the witnesses likely reside in Massachusetts, other than Plaintiff Roberts, who resides in Fort Meyers, Florida. And, all of the documents are in Massachusetts.

## I. STATEMENTS PURSUANT TO JUDGE MARTINEZ'S PRACTICE STANDARDS

Practice Standard (III)(D)(1): The defect in Plaintiff's Amended Complaint cannot be cured by any amended pleading. The defect in Plaintiff's Amended Complaint cannot be cured by anything less than the voluntary dismissal of Plaintiff's Amended Complaint. To that end, Gordon attempted to confer with the Plaintiff at the phone number Plaintiff provided to this Court regarding a voluntary dismissal. However, the individual who answered the phone number Plaintiff provided to this Court did not know Plaintiff and indicated that the number does not belong to Plaintiff.

Practice Standard (III)(D)(3): All of the documents and pleadings referenced herein or attached hereto have been referenced in the amended complaint, or are either central to plaintiff's claims, or matters of public record. Accordingly, this Motion to Dismiss should not be converted to a motion for summary judgment. The Court may consider documents attached to the plaintiff's complaint, referenced in the plaintiff's complaint, and central to the plaintiff's claims without transforming the motion to dismiss into one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997); *Johnson v. Liberty Mut. Fire Ins. Co.*, 653 F. Supp. 2d 1133, 1143 (D. Colo. 2009). In addition, the Court may also take judicial notice of its own files and record and facts that are a matter of public record without conversion of the motion. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

**II.    FACTS**

On or about October 26, 2009, Plaintiff filed a verified complaint in the Massachusetts Action against Abu Tarek and Deutsche Bank National Company in connection with Plaitniff's purchase of a condominium unit known and addressed as 10 Jamaicaway, Unit 11, Jamaica Plain, Massachusetts, and then filed an amended complaint on or about December 29, 2010, 6½ years after the transaction.  *See* Amended Complaint at Exhibit 1.  The Amended Complaint in the Massachusetts Action added claims against Philip Gordon and Ara Balikian, Defendants in the present action here.  The amended complaint contained 10 counts: (1) Breach of Contract Against Tarek; (2) Intentional Misrepresentation Against Tarek; (3) Negligent Misrepresentation Against Tarek; (4)Violation of Mass. Gen. Laws Ch. 183, Sections 11 and 17 Against Tarek; (5) Intentional Misrepresentation Against Gordon; (6) Negligent Misrepresentation Against Gordon; (7) Violation of Massachusetts General Laws Chapter 93A Against Gordon; (8) Intentional Misrepresentation Against Balikian; (9) Negligent Misrepresentation Against Balikian; and (10) Violation of Massachusetts General Laws Chapter 93A Against Balikian.  *Id.*

On or about June of 2012, the Plaintiff entered into a Settlement, Mutual Release and Confidentiality Agreement with Gordon and Balikian ("Settlement Agreement").  *See* Settlement, Mutual Release and Confidentiality Agreement, attached hereto as Exhibit 2.  This Settlement Agreement provided that in exchange for $1,000 paid to Plaintiff Roberts:

> "Thomas Roberts, Jr., on behalf of himself, his successors, heirs, administrators and assigns, and each past or present agent or representative (hereinafter the "RELEASOR"), hereby remises, releases and forever discharges Ara J. Balikian, Esq. and Philip Gordon, Esq., and each and every one of their respective successors, heirs, administrators and assigns, and each past or present agent or representative, and Gordon & Balikian, LLP, Balikian Law and Gordon Law Group LLP and each and every one of their respective partners, employees, consultants, insurers, agents, representatives, attorneys and affiliates (hereinafter "RELEASEES") of and from any and all claims, demands, causes of actions,

obligations, liabilities, and damages of any kind, name, nature, description, known and unknown, which have or which could have been alleged, either at law or in equity, which RELEASOR has ever had, from the beginning of the world up to the date of signing this Settlement, Mutual Release and Confidentiality Agreement, including without limitation, (1) all claims arising out of Thomas Roberts, Jr.'s purchase of real estate located at 10 Jamaica Way, Unit 11, Jamaica Plain, MA ("the real estate") on or about February 24, 2004; (2) all claims arising out of Deutsche Bank National Trust Co.'s foreclosure sale on the real estate on or about March 13, 2008; and (3) all claims which were asserted or could have been asserted by Thomas Roberts, Jr. against either or both, Ara J. Balikian, Esq., and Philip Gordon, Esq., in the matter captioned *Thomas Roberts v. Abu Tarek, Philip Gordon, Esq., and Ara Balikian, Esq.*, Suffolk Superior Court Civil Action No. 09-04562."

Accordingly, on or about July 19, 2012, Gordon and Balikian filed a Motion for Separate and Final Judgment pursuant to Rule 54(b) of the Massachusetts Rules of Civil Procedure. *See* Docket from Massachusetts Action, attached hereto as Exhibit 3.

Then, apparently unsatisfied, on August 23, 2012, Plaintiff filed this new suit in Colorado *pro se* against Gordon, Balikian, and Deutsche Bank AG, with the Second Amended Complaint reflected at Docket Entry No. 7. The Second Amended Complaint contains one count: Fraud – Intentional Misrepresentation of a Material Fact, for the identical transaction and issues disposed of in Massachusetts. *See Id.*; and Counts 5 and 8 of the amended complaint in the Massachusetts Action attached hereto as Exhibit 1 for Intentional Misrepresentation Against Gordon and Intentional Misrepresentation Against Balikian. These are the very same claims the parties adjudicated and settled in the Massachusetts Action.

### III. ARGUMENT

#### A. 12(b)(6):  Failure to state a claim upon which relief can be granted

##### i. Standard of review pursuant to Rule 12(b)(6)

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

4

complaint alone is legally sufficient to state a claim for which relief may be granted." *Cleary Bldg. Corp v. David A. Dame, Inc.*, 2009 U.S. Dist. LEXIS 111594, 5-7 (D. Colo. Dec. 1, 2009), citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). "A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

The pleading standard established by the U.S. Supreme Court is whether the complaint contains enough facts to state a claim for relief that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Twombly*, the Court explained that a "plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id*.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009), the Supreme Court then held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

This pleading standard is heightened when a complaint alleges fraud. Rule 9(b) of the Federal Rule of Civil Procedure states, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake, shall be stated with particularity." For this reason a complaint alleging fraud must, "set forth the time, place and contents of the false representations, the identity of the party making the false statements and the

consequences thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir.2000), quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir.1991).

### ii.  Plaintiff's claim is barred by the doctrine of res judicata or claim preclusion

Plaintiff's claim for Fraud – Intentional Misrepresentation of a Material Fact was raised in the Massachusetts Action and was dismissed with prejudice.  Plaintiff entered into the Settlement Agreement with the Defendants and agreed to release:

> "(1) all claims arising out of Thomas Roberts, Jr.'s purchase of real estate located at 10 Jamaica Way, Unit 11, Jamaica Plain, MA ("the real estate") on or about February 24, 2004; (2) all claims arising out of Deutsche Bank National Trust Co.'s foreclosure sale on the real estate on or about March 13, 2008; and (3) all claims which were asserted or could have been asserted by Thomas Roberts, Jr. against either or both, Ara J. Balikian, Esq., and Philip Gordon, Esq., in the matter captioned *Thomas Roberts v. Abu Tarek, Philip Gordon, Esq., and Ara Balikian, Esq.*, Suffolk Superior Court Civil Action No. 09-04562."

*See* Settlement, Mutual Release and Confidentiality Agreement, attached hereto as Exhibit 2.

For this reason, Plaintiff's claims are subject to res judicata and as such should be dismissed.

"Res judicata, or claim preclusion, 'prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits.'" *Goldenhersh v. Aurora Loan Servs. LLC*, 2012 U.S. Dist. LEXIS 98035 (D. Colo. Apr. 25, 2012), quoting *Coffman v. Veneman*, 175 Fed.Appx. 985, 985 (10th Cir. 2006).  "Federal claim preclusion law applies to determine the effect of the judgment of a federal court." *Id.*

"For claim preclusion to apply, the following elements must exist: (1) a judgment on the merits in a prior action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in the two suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

"'[A] voluntary dismissal with prejudice upon an order of the court, based on [a] settlement agreement' is considered a judgment on the merits and is 'res judicata--barring a later lawsuit on the same transaction or occurrence.'" *Goldenhersh* quoting *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986); *see also*, *Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939, 943 (7th Cir. 1981); Fed.R.Civ.P. 41(b).

In the case at bar, the Plaintiff voluntarily dismissed the very same claims in the Massachusetts Action with prejudice, pursuant to the Settlement Agreement. This dismissal constitutes a judgment on the merits, thus fulfilling the first requirement. The Plaintiff and all Defendants were parties in both the present action and the Massachusetts Action, thus fulfilling the second requirement. Finally, the Second Amended Complaint filed in this Action contained 1 Count, Fraud – Intentional Misrepresentation of a Material Fact. *See* Docket Entry No. 7. Counts 5 and 8 of the amended complaint in the Massachusetts Action were Intentional Misrepresentation Against Gordon and Intentional Misrepresentation Against Balikian. *See* <u>Exhibit 1</u>. As such, it is clear that the parties adjudicated and settled the exact same claims in the Massachusetts Action, thus fulfilling the third requirement.

Some Courts hold that the res judicata, or claim preclusion, contains a fourth element or requirement, that "the plaintiff had a full and fair opportunity to litigate the claim in the prior suit." *See, e.g., Plotner v. AT&T Corp.*, 224 F.3d1161, 1168 (10th Cir. 2000). In the case at bar, Plaintiff had a full and fair opportunity to litigate his claims, as he was represented by counsel who alleged the exact same claims that the Plaintiff now alleges in his current Second Amended Complaint. *See* Docket from Massachusetts Action, attached hereto as <u>Exhibit 3</u>.

Accordingly, the Plaintiff's claim is barred by the doctrine of *res judicata* and the terms of the Settlement Agreement, and thus fails to state a claim on which relief may be granted. It should therefore be dismissed.

### iii. Plaintiff's fails to sufficiently allege a claim of fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

While Gordon is mindful that the Plaintiff is proceeding *pro se,* that fact alone does not completely excuse him from the requirements to set forth the facts on which the fraud is based with particularity.[1] Plaintiff must "set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir.2000), quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).

The plaintiff has not alleged the legal elements of mistake or fraud in the inducement, let alone stated the circumstances constituting fraud or mistake with particularity. The plaintiff's amended complaint merely states that:

> "The plaintiff purchased a condominium for $243,000 and was not informed of not had any opportunity to discover that there was a mortgage on the property for $178,125.00. He paid the seller, Abu Tarek,$243,000.00 in cash and the property was then foreclosed. The Plaintiff lost his money as a result. Deutsche Bank AG, and the sellers attorneys, Balikian and Gordon, had the obligation to disclose the existence of the mortgage. Failure to do so constitutes Fraud-Intentional Misrepresentation of a material fact resulting in a financial loss to the other party."

*See* Docket Entry No. 7.

---

[1] "[T]he Court …must construe the filings of a pro se litigant liberally." *Condies Salas Co. v. Colo. Blue Ribbon Foods, LLC*, 2012 U.S. Dist. LEXIS 155388, 6-7 (D. Colo. Oct. 30, 2012). "However, the Court should not be a pro se litigant's advocate, nor should it "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Id.*

Plaintiff does list any facts that pertain to the alleged representations made by Gordon and Balikian. He does not state when or where such representations were allegedly made, the contents of such representations, or even that such representations were false.

Accordingly, the plaintiff's claim fails to meet the heightened requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and as such should be dismissed.

### B. 12(b)(2): No personal jurisdiction over Defendant Gordon

#### i. Standard of review pursuant to Rule 12(b)(2)

"The plaintiff has the burden of proving that personal jurisdiction over the defendant exists, although at preliminary stages of the litigation that burden is light." *Shell v. Am. Family Rights Ass'n*, 2012 U.S. Dist. LEXIS 140449, 14-15 (D. Colo. Sept. 28, 2012), citing *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "If the court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id*.

"For a court to exercise personal jurisdiction over a defendant, there must both a showing that (i) jurisdiction is proper under the laws of the forum state and (ii) the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Id.* "Colorado's long arm statute is coextensive with the constitutional limitations imposed by the due process clause; therefore, the inquiry collapses into a single inquiry: whether jurisdiction is consistent with the due process clause." *Id.* "This involves a two-step inquiry: (1) whether the nonresident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being hauled into court there'; and (2) if

minimum contacts are found, whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Id.*

### ii. Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Gordon.

In the case at bar, both Gordon and Balikian are residents of Massachusetts. *See* Massachusetts Action Amended Complaint, attached hereto as Exhibit 1. When the Plaintiff entered into the Purchase and Sale Agreement and received the Quitclaim Deed at issue in his Second Amended Complaint, he listed his address as Boston, MA. *See Id.*, at ¶ 16. Furthermore, the property at issue is located in Massachusetts, and all of the behaviors alleged to be wrongful occurred in Massachusetts.

"The 'minimum contacts' standard may be met by showing either general or specific jurisdiction over the defendant." *Shell* at 14-16. "[A] court may exercise general jurisdiction over a defendant for any claim, whether arising from activities in the state or not, if the defendant has sufficiently strong business contacts with the forum state." *Id.* "[A]court may exercise specific jurisdiction over a defendant if the defendant's actions in or directed at the forum give rise to the litigation." *Id.* "Specific jurisdiction may be asserted over a nonresident defendant 'if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that' arise out of or relate to' those activities." *Id.* "In considering the 'purposeful direction' requirement personal jurisdiction, three particular factors could indicate purposeful direction: (a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state." *Id.*

All of the activities in the case at bar occurred in Massachusetts. Further, there is no allegation that Gordon failed to undertake any action which was expressly aimed at Colorado, nor was the brunt of any alleged injury felt in Colorado.

"In addition to examining a defendant's minimum contacts with the forum state, a court must also analyze whether the exercise of personal jurisdiction offends 'traditional notions of fair play and substantial justice.'" *Shell* at 17. "This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case." *Id.* "In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Id*.

Allowing this matter to go forward in Colorado would place a great burden on Gordon. He is a resident of Massachusetts, all of the alleged actions took place in Massachusetts, and all of the documents pertaining to the allegations are located in Massachusetts. Furthermore, Colorado has no interest in resolving this dispute. All of the actions complained about occurred in Massachusetts, and Massachusetts law will apply. Additionally, the Plaintiff has no interest in receiving convenient relief in Colorado, because he resides in Florida.

Accordingly, the plaintiff's claim should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### C. 12(b)(3): Improper venue

"Rule 12(b)(3) provides that a party may assert improper venue as a defense by motion." *Animal Health Int'l, Inc. v. Livingston Enters*., 2012 U.S. Dist. LEXIS 58323, 4-5

(D. Colo. Apr. 26, 2012). "Section 1404(a) states that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" 28 U.S.C. § 1404(a). "The section 'is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Animal Health Int'l, Inc*. at 5, quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). "The party seeking transfer bears the burden of establishing that the existing forum is inconvenient." *Id.*

Should this Court not find that this matter should be dismissed on the grounds set forth above, then, for the convenience of parties and witnesses, and in the interest of justice, this case should be transferred to Massachusetts. As stated above, all of the activity complained about occurred in Massachusetts. Both Gordon and Balikian reside in Massachusetts. And resolution of this matter would require the application of Massachusetts law. Furthermore, all of the witnesses to this matter will likely reside in Massachusetts. Finally, Plaintiff has no ties to Colorado, as he resides in Florida. Accordingly, if this Court fails to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) and/or 12(b)(2) of the Federal Rules of Civil Procedure, it should at the very least dismiss this action without prejudice to re-file in the District of Massachusetts or otherwise transferred there, pursuant to Rule 12(b)(3).

**IV.  CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

                                        Respectfully submitted,
Plaintiff,
Pro Se,

/s/ Philip J. Gordon_____
Philip J. Gordon (BBO#630989)
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116
Tel. 617-536-1800
Fax 617-536-1802

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November, 2012, the foregoing **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 12(b)(6)** was electronically filed with the Clerk of the Court using the CM/ECF system and served via this CM/ECF system and electronic mail, upon the following, unless so designated below:

Thomas Roberts
P.O. Box 62147
Fort Meyers, FL 33906
(via regular mail)

Ara J. Balikian, Esq.
Balikian Law
922 Waltham Street
Suite 209
Lexington, MA 02421
(via regular mail)

Jaime Grant Siler, Esq.
Bloom Murr Accomazzo & Siler, P.C.
410 17th Street
#2400
Denver, CO 80202

/s/ Philip J. Gordon_____
Philip J. Gordon