**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. :  12-cv-02065-WJM-KLM

THOMAS ROBERTS,

     Plaintiff,

v.

DEUTSCHE BANK AG.,
PHILIP GORDON, and
ARA BALIKIAN

     Defendants.

---

**MOTION TO DISMISS UNDER FED.R.CIV.P. 12**(b)(6), OR IN THE ALTERNATIVE,
TO PROVIDE A MORE DEFINITE STATEMENT

---

     Defendant, Deutsche Bank National Trust Company, as trustee for the Argent Mortgage Loan Trust 2003-W7, incorrectly named herein as "Deutsche Bank AG" ("Deutsche Bank"), hereby moves to dismiss the Second Amended Complaint [Doc. #7] filed by plaintiff, Thomas Roberts, pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement under Fed.R.Civ.P. 12(e).  In support of its motion, Deutsche Bank states as follows:

I. STATEMENTS PURSUANT TO JUDGE MARTINEZ'S PRACTICE STANDARDS

     <u>WJM Revised Practice Standards III.D.1</u>:  Deutsche Bank is cognizant of the Court's view regarding motions to dismiss, and the practice standard set forth in § III.D.1.  Plaintiff in this case is *pro-se*.  However, counsel for Deutsche Bank has attempted to confer with plaintiff, only to be referred to a purported attorney.  Upon contacting the person plaintiff advised was his attorney, undersigned counsel for Deutsche Bank was informed that the person is not indeed a licensed attorney and therefore not authorized to stipulate or object to the filing of any motions.

1

## II.    INTRODUCTION

This action is an apparent attempt to obtain money from Deutsche Bank, but Deutsche Bank does not know why it is named.  Plaintiff's second amended complaint alleges a total of four key facts:  (1) plaintiff alleges he purchased a property from non-party Abo Tarek, (2) that defendants Balikan and Gordon were ostensibly the sellers' attorneys, (3) that the property was foreclosed, and (4) that there was a "undisclosed" or unrecorded mortgage on the property of $178,125.  From these sparse facts, plaintiff asserts a claim against Deutsche Bank for "fraud."  Plaintiff's claim fails for to state a claim under F.R.C.P. 9(b) and 12(b)(6), and should therefore be dismissed.  Alternatively, even if plaintiff can state facts sufficient to state a valid fraud claim, the Court should require plaintiff to provide a more definite statement so that Deutsche Bank can determine how and why it is allegedly involved in the transaction.

## III.    FACTUAL BACKGROUND

As set forth above, the relevant facts are sparse.  Deutsche Bank cannot glean sufficient facts from the complaint to investigate this matter and/or formulate its defenses.  The facts, as stated in the second amended complaint, do not identify how Deutsche Bank was allegedly involved in any way with plaintiff, what statements or omissions were allegedly made by Deutsche Bank to plaintiff, or any other relationship or dealings between Deutsche Bank and plaintiff.  In fact, it does not appear that Deutsche Bank was plaintiff's lender, but rather, plaintiff appears to be claiming that Deutsche Bank loaned money to another party, that the mortgage was unrecorded (though that too is unclear from the pleadings), and plaintiff was somehow harmed.  *See* Second Amend. Compl., p. 2   (Plaintiff claims he "purchased a condominium for $243,000. [sic] and was not informed of nor had any opportunity to discover that there was a mortgage on the property for 178,125.00.")  Without further identification of the

subject parties, the loan and/or the specific property, Deutsche Bank cannot determine its relationship to the plaintiff or this matter, if any.

## IV.   STANDARD FOR MOTION TO DISMISS

"The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *See Cleary Bldg. Corp. v. David A. Dame, Inc.*, 2009 U.S. Dist. LEXIS 111594, 5-7 (D. Colo. Dec. 1, 2009)(citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).   "A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

The pleading standard established by the U.S. Supreme Court is whether the complaint contains enough facts to state a claim for relief that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   In *Twombly* the Court explained that a "plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.*   "Thus, the mere metaphysical possibility that some the plaintiff could prove some set of facts" is insufficient, and the complaint "must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Twombly's* "plausibility" standard was further explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).   In *Ashcroft*, the Supreme Court held that a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *See Ashcroft* at 1949.   Even under the liberal pleading standards of Rule 8, which do not require "detailed factual allegations," the plaintiffs must still provide more than "an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Id* at 1949.   A complaint must fail if it tenders "naked assertions" devoid of further facts.   *Id.*

Finally, although the court construes a pro se plaintiff's pleadings liberally, the plaintiff "still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   This burden remains because "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury," *id.,* and the court must not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."   *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (internal quotations and citations omitted).

## V.   LEGAL ARGUMENT

### A.   Plaintiff's Claim Against Deutsche Bank Fails Under Rule 8.

While a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard, courts do not "assume the role of advocate for the *pro se* litigant."   *Amoco Production Co. v. Aspen Group*, 25 F.Supp.2d 1162, 1164 (D.Colo. 1998).   That a litigant is *pro se* does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.   Id.   A litigant must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988).   Further, a court may not assume that a litigant can prove facts he has not alleged, or that the defending party has violated laws in ways that the litigant has not alleged.   *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Until recently, a complaint containing only conclusory allegations might have withstood a motion to dismiss "if it left open the possibility that a fact not alleged in the complaint could

render the complaint sufficient." *Robbins v. Okla. ex rel. Dep't of Human Servs*., 519 F.3d 1242, 1247 (10th Cir. 2008). But in 2007, the Supreme Court rejected this standard in *Twombly*, *supra*, and held that a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Tenth Circuit courts applying the standard in *Twombly* have ruled that this "plausibility" requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, at 1248. Applying that standard to this case, plaintiff must be required to frame a complaint with enough "factual matter" (taken as true) to suggest that he is entitled to relief as against Deutsche Bank. *Twombly* at 1965. The Supreme Court has explained that the policy behind this plausibility standard is to expose defects in a case early in the process, "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 127 S.Ct. at 1966. Thus, the *Twombly* standard serves to allow "a district Court [to] retain the power to insist upon some specificity in pleading" before allowing potentially costly cases to proceed. *Id*. at 1967.

**B.** **Plaintiff's Claim Against Deutsche Bank Fails Under Rule 9.**

In order to state a claim for fraud, plaintiff must allege a false representation of a material existing fact; knowledge on the part of the one making the representation that it is false; ignorance on the part of the one to whom the representation is made of the falsity; that the representation was made with the intention that it be acted upon; and damage caused by the representation. *See, e.g., Ballow v. Phico Ins. Co.,* 875 P.2d 1354, 1361 (Colo. 1993). Further, under Fed.R.Civ.P. 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In other words, a complaint must "set for the time, place and contents of the false representation, the identity of the party making the false

statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc*., 124 F.3d 1246, 1252 (10th Cir. 1997). *See also, Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)(quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 ([10th Cir. 1991])). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and factual ground upon which [they] are based . . ." *Koch*, 203 F.3d at 1236 (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992)). Despite a generous reading of a pro se plaintiff's Complaint, dismissal is appropriate when allegations of fraud are vague and conclusory. *See U.S. v. Goodman*, 2012 WL 502807 (D. Colo. 2012)(adopting standard set forth in *Andrews v. Heaton*, 483 F.3d 1070, 1076 (D. Okla. 2007)).

Here, the Plaintiff fails to allege any facts to support the essential elements of his fraud claim. Thus, the fraud claim should be dismissed under Rules 9 and 12(b)(6), Fed.R.Civ.P.

**C.**     **Alternatively, if the Complaint is Not Dismissed, Plaintiff Should Be Required to Provide a More Definite Statement.**

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "A more definite statement will be required when 'defendants can only guess as to what conduct [or] contracts an allegation refers.' " *555 M Manufacturing, Inc. v. Calvin Klein, Inc.,* 13 F.Supp.2d 719, 724 (N.D.Ill.1998) (quoting *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.,* 882 F.Supp. 713, 726 (N.D.Ill.1995)). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Employers Mut. Cas. Co. v. Downey Excavation, Inc*., 2011 WL 1335839 (D. Colo. 2011)(quoting *Advantage Homebuilding, LLC v. Assurance Co. of America,* 2004 WL 433914, at 1 (D.Kan. March 5, 2004)).

Here, the supporting facts in the complaint are so sparse as to Deutsche Bank that it is unable to file a responsive pleading. There is no feasible way for Deutsche Bank to admit or deny claims against it, with no information provided concerning the particulars of the mortgage in question, the location of the subject property, the substance of the alleged (mis)representations, the person or persons who made the representations, when the representations were made, and whether the representations were actually false.

## VI.   CONCLUSION

Based upon the foregoing, plaintiff's complaint fails to state a valid claim and should therefore be dismissed under Rules 8, 9 and 12(b)(6), Fed.R.Civ.P. Alternatively, even if the complaint is not dismissed, plaintiff should be required to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e).

WHEREFORE, Defendant Deutsche Bank respectfully requests that this Court enter judgment in its favor, dismissing plaintiff's claim pursuant to 8(a), 9(b) and 12(b)(6), Fed.R.Civ.P., alternatively requiring a more definite statement under Fed.R.Civ.P. 12(e), awarding Deutsche Bank its reasonable attorney's fees and costs, and granting such additional relief as the Court deems proper.

DATED this 3rd day of December, 2012.

*Original signature on file at the offices of*
BLOOM MURR ACCOMAZZO & SILER, PC

*s/ Jamie G. Siler*
Jamie G. Siler, #31284
Aaryn R. Richardson, #40476
410 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 534-2277
*Attorneys for Deutsche Bank*

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of December, 2012, a true and correct copy of the foregoing **MOTION TO DISMISS UNDER FED.R.CIV.P. 12**(b)(6), OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT was filed and served upon the following:

| | | | |
|---|---|---|---|
| Thomas Roberts | *Via U.S. Mail* | Philip Gordon, Esq. | *Via ECF* |
| P.O. Box 62147 | | Gordon Law Group, LLP | |
| Fort Myers, FL 33906 | | 585 Boylston Street | |
| | | Boston, MA 02116 | |
| Ara J. Balikian, Esq. | *Via ECF* | | |
| Balikian Law | | | |
| 922 Waltham Street, Suite 209 | | | |
| Lexington, MA 02421 | | | |

<u>*s/ Rebecca M. Whitaker*</u>
Rebecca M. Whitaker, Legal Assistant