IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02065-WJM-KLM

THOMAS ROBERTS,

     Plaintiff,

v.

DEUTSCHE BANK AG,
PHILIP GORDON and
ARA BALIKIAN,

     Defendants.
_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

     This matter is before the Court *sua sponte*.  On November 29, 2012, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and failure to comply with D.C.COLO.LCivR 16.1 regarding preparation of the proposed scheduling order.  *Order to Show Cause* [Docket No. 38].  Specifically, the Court explained that

> Here, Plaintiff has not prepared, nor has he even participated in the
> preparation of, the proposed scheduling order.  He has apparently provided
> a phone number that is no longer in service and when one of Defendant's
> counsel eventually reached him, he misleadlingly claimed he was
> represented by counsel.

The Court alternatively allowed Plaintiff to comply with the Order to Show Cause by contacting Defendants and submitting a proposed scheduling order on or before December 31, 2012.  The Court also directed Plaintiff to submit a valid telephone number, which he did on December 3, 2012.

Despite being ordered to either show cause why the case should not be dismissed or submit a proposed scheduling order, Plaintiff did neither.  Other than provide a new phone number, *see* [#39], Plaintiff failed to respond to the Order to Show Cause and the deadline to do so has long since passed.  As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as failure to comply with the Local Rules, the Court's Order Setting Scheduling/Planning Conference [#11] and the Order to Show Cause [#38].  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff ample opportunities to prosecute his case.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  *See Hall*, 935 F.3d at 1110.

For the reasons provided below, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background.  Plaintiff initiated this action on August 6, 2012 by filing a Complaint. [#1].  After being granted two opportunities to cure deficiencies in the Complaint, he filed a Second Amended Complaint on August 23, 2012. [#7].  In it, Plaintiff alleges one count of fraud against each of the three named Defendants. *Id.* at 3.  His fraud claim is based on allegations that after he purchased a condominium for $243,000.00 cash, he learned that there was a mortgage on the property for $178,125.00.  *Id.* at 2.  He contends that he was not informed of the mortgage and had no opportunity to discover it prior to purchasing the

property.  *Id.*  Plaintiff alleges that the property was subsequently foreclosed, causing him

to lose the money he paid for it.  *Id.*  Plaintiff contends that Defendants had an obligation

to disclose the existence of the mortgage and failed to do so, thus committing fraud.  *Id.*

On September 6, 2012, the Court issued an Order Setting Scheduling/Planning

Conference and Advisement to Pro Se Plaintiffs [#11].  The Order explained that the parties

were to hold a prescheduling conference meeting at least twenty-one days before the

scheduling conference, which was set for November 6, 2012. [#11] at 2.  Additionally, the

Order explained that Plaintiff was responsible for preparing a proposed scheduling order,

a sample of which was attached to the Order.  *Id.*

On October 25, 2012, the Court reset the scheduling conference to December 3,

2012 after Defendant Deutsche Bank requested an extension of time to respond to the

Second Amended Complaint. [#21].   Deutsche Bank explained in its motion that it was

unable to confer with Plaintiff regarding the extension because Plaintiff's phone number

was invalid. [#19] at 1.

On November 28, 2012, Defendant Gordon submitted a proposed scheduling order

in preparation for the December 3 scheduling conference. [#36].  With respect to Plaintiff's

participation, the proposed scheduling order stated:

> Counsel for Defendant Deutsche Bank was ultimately able to reach
> plaintiff by telephone and briefly discuss this matter.  However [sic] Plaintiff
> was not able to meaningfully confer as contemplated under F.R.C.P. 26(f)
> because, among other reasons, plaintiff (ostensibly *pro se*) indicated that he
> was represented by counsel.  Upon contacting the purported counsel for
> plaintiff, Deutsche Bank's counsel was advised that she is not in fact a
> licensed attorney, nor planning to "represent" plaintiff in this action.

[#36] at 2.  Another section of the proposed scheduling order stated:

> The Defendants have been unable to communicate with the Plaintiff. Accordingly, no conference has taken place and no agreement has been reached regarding discovery.  The Defendants propose that discovery deadlines be set after the Court has ruled of [sic] the Defendants' motions to dismiss.

[#36] at 3.  In light of the information regarding Plaintiff in the proposed scheduling order, the Court issued the Order to Show Cause [#38].

## II.  Findings

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to comply with at least two Court Orders:  (1) he failed to comply with the Order Setting Scheduling/Planning Conference [#11]; and (2) he failed to comply with the Order to Show Cause [#38].   Moreover, he failed to comply with D.C.COLO.LCivR 16.1 which calls for him to prepare the proposed scheduling order. Plaintiff's failure to comply with these requirements constitutes a failure to prosecute his case.

## III.  Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an

action.[1]   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ."  *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

## A.    Prejudice to Defendants

From a review of the case file, the Court finds that Plaintiff's neglect of his case has prejudiced Defendants.  Defendants have defended the lawsuit in good faith, including the submission of a proposed scheduling order despite Plaintiff's failure to participate. Moreover, Plaintiff's failure to participate in a pre-scheduling conference and move forward with the discovery phase of the case has prejudiced Defendants' ability to defend against

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

the allegations made by Plaintiff in his Complaint.  Allowing the case to proceed when Plaintiff has failed to respond to the Order to Show Cause would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on his own.  This factor weighs in favor of dismissal.

### B.    Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders and the Local Rules, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to contact the Court or put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process.   The Court's issuance of the Order to Show Cause and this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).  This factor weighs in favor of dismissal.

### C.    Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward.  The Court provided Plaintiff with ample opportunities to litigate his case, but he has chosen not to participate.  As a voluntary *pro se* litigant, it is

solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

### D.   Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on at least two occasions that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders. *See* [#11] at 3; [#38]. *Pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case and a prior case do not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

### E.   Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for over three months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no

7

lesser sanction is warranted and dismissal is the appropriate result.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **RECOMMENDED** that in light of the recommendation to dismiss this action pursuant to Fed. R. Civ. P. 41(b), the Motions to Dismiss at Docket Nos. 16, 22 and 40 be **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#38] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated:  March 11, 2013

Kristen L.  Mix
United States Magistrate Judge